# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **NORTH WOODLAWN INVESTMENTS, LLC** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 21-1107** |
| **GROUP 1 REALTY INC. OF DELAWARE** | **SECTION: "G"** |

## ORDER AND REASONS

Plaintiff North Woodlawn Investments, LLC ("Plaintiff") seeks a preliminary injunction enjoining Defendant Group 1 Realty Inc. of Delaware ("Defendant") from removing furniture, fixtures, and equipment ("FF&E"), or component parts of a piece of immovable property located in Harvey, Louisiana.[1] Plaintiff alleges that Defendant has removed certain FF&E and component parts, and without a preliminary injunction, Plaintiff asserts it will suffer irreparable harm.[2] Defendant responds that the request is procedurally improper and that Plaintiff cannot show irreparable harm.[3] Pending before the Court is Plaintiffs' Request for Preliminary Injunction.[4] On

---

[1] Rec. Doc. 1-1 at 1, 5. In Plaintiff's petition, first filed in state court, Plaintiff also requests other relief not at issue here. Plaintiff seeks recovery for breach of contract and specific performance. *Id.* at 1. Plaintiff also requested and was granted a temporary restraining order ("TRO") by the state court judge. *Id.* at 1. As explained more below, that TRO expired by operation of law on June 13, 2021. *See* Rec. Doc. 31.

[2] *Id.* at 3.

[3] Rec. Doc. 39 at 2, 10.

[4] Rec. Doc. 1-1 at 5. This case was removed from the 24th Judicial District Court for the Parish of Jefferson. Rec. Doc. 1. Plaintiff's request for a preliminary injunction appears only in the state court petition, and Plaintiff has

1

June 15, 2021, the Court held an evidentiary hearing on the request for a preliminary injunction.[5] Considering the request for a preliminary injunction, the memoranda in support and in opposition, the arguments made during the evidentiary hearing, the record, and the applicable law, for the reasons that follow, the Court denies Plaintiff's request for a preliminary injunction. The Court issues this Order and Reasons as its findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52(a)(2).

## I. Background

### A. Factual Background

This dispute concerns an agreement to purchase immovable property located at 3815 Lapalco Boulevard in Harvey, Louisiana (the "Property").[6] On April 1, 2021, the Parties entered into a contract for Defendant to sell the Property to Plaintiff for $2,000,000.[7] The contract provided that certain FF&E were included in the purchase price.[8] The contract also provided an inspection and due diligence period.[9] During the inspection period stipulated by the contract, Plaintiff alleges

---

never filed a motion in this court seeking a preliminary injunction.

[5] Rec. Doc. 34.

[6] Rec. Doc. 1-1 at 1.

[7] *Id. See also* Rec. Doc. 1-3 at 7.

[8] Rec. Doc. 1-1 at 2.

[9] *Id.*

that Defendant removed certain FF&E from the Property.[10] In addition, Plaintiff asserts that Defendant removed component parts from the Property that, under Louisiana law, formed part of the immovable.[11] Plaintiff avers that Defendant's removal of these items caused permanent damage to the Property.[12]

## B.     *Procedural History*

On June 3, 2021, Plaintiff filed a Petition in the 24th Judicial District Court for the Parish of Jefferson seeking recovery for breach of contract, specific performance, a temporary restraining order ("TRO"), and a preliminary injunction.[13] That same day, the state district court judge entered a TRO enjoining Defendant from removing any additional items from the Property.[14] On June 8, 2021, Defendant removed the case to this Court.[15] Later that afternoon, counsel for Defendant emailed chambers to notify the Court that there was a hearing set in state court on June 14, 2021 on Plaintiff's request for a preliminary injunction. Defendant sought guidance on when this Court would hear Plaintiff's request for a preliminary injunction and other miscellaneous matters. This

---

[10] *Id.* at 2.

[11] *Id. See also* La. Civ. Code arts. 465–66.

[12] Rec. Doc. 1-1 at 2.

[13] *Id.*

[14] Rec. Doc. 1 at 2. *See also* Rec. Doc. 1-2. The TRO expires by operation of law on Sunday, June 13, 2021. *See* La. R. Civ. P. art. 3604 (providing that temporary restraining orders expire ten days from date of issue).

[15] Rec. Doc. 1.

Court ordered counsel to appear for a status conference the following day, June 9, 2021 at 10:00 AM.[16] During the status conference, the Court set a hearing on Plaintiff's Request for Preliminary Injunction for Tuesday, June 15, 2021 at 2:30 PM.[17]

On Friday, June 11, 2021, the Parties filed several motions. First, Plaintiff filed a Motion to Extend the TRO.[18] This motion was flagged as deficient by the Clerk of Court because Plaintiff failed to include a notice of submission and therefore was not properly before the Court. Despite the filing being deficient, Defendant filed a memorandum in opposition.[19] Rather than cure the initial deficiency, Plaintiff filed a motion for leave of court to reply to Defendant's opposition.[20] Plaintiff re-filed its Motion to Extend the TRO on June 14, 2021, with a Motion for Expedited Consideration.[21] The Court ultimately denied as moot Plaintiff's Motion to Extend the TRO and Motion for Expedited Consideration because the TRO expired by operation of law before a hearing

---

[16] Rec. Doc. 3.

[17] Rec. Doc. 10. The Court also ordered that the Parties submit bench books, witness lists, and exhibit lists to this Court no later than Friday, June 11, 2021 at 3:00 PM. *Id.*

[18] Rec. Doc. 7.

[19] Rec. Doc. 8.

[20] Rec. Doc. 12.

[21] Rec. Docs. 28, 29. The TRO in this case was issued on June 3, 2021 by the state district court. Rec. Doc. 1-2. Because the TRO was issued before removal, the TRO was issued pursuant to Louisiana law. *Id.* Under Louisiana law, unlike federal law, TROs expire after ten days. *Compare* La. Code Civ. Proc. art. 3604 (ten days) *with* Fed. R. Civ. P. 65 (fourteen days). Thus, the TRO expired on June 13, 2021 by operation of law.

could be held.[22]

Next, Defendant filed a Motion to Dissolve the TRO and Award Attorney's Fees.[23] Defendant filed another motion to set the Motion to Dissolve the TRO and Award Attorney's Fees for expedited hearing on June 15, 2021, at the same time the Court would hear Plaintiff's request for a preliminary injunction.[24] Plaintiff opposed only the motion for expedited hearing.[25] Defendant moved to file a reply memorandum in support of the motion to set for a hearing, which this Court granted.[26] This Court denied Defendant's Motion to Dissolve the TRO as moot because the TRO expired by operation of law, and denied the Defendant's Motion to Award Attorney's Fees.[27]

Finally, Defendant filed a Rule 12(b)(6) Motion to Dismiss Plaintiff's Injunctive Relief Claims[28] and a Motion for Expedited Consideration.[29] This Court denied Defendant's request for expedited consideration because it failed to articulate any exigency for why the motion should be considered on an expedited basis.[30] The Court ordered that the motion to dismiss would remain

---

[22] Rec. Doc. 31.

[23] Rec. Docs. 15.

[24] Rec. Doc. 16.

[25] Rec. Doc. 17.

[26] Rec. Docs. 20, 26.

[27] Rec. Doc. 30.

[28] Rec. Doc. 18.

[29] Rec. Doc. 19.

[30] Rec. Doc. 25.

noticed for submission on June 30, 2021.[31]

On June 15, 2021, the Court held an evidentiary hearing on Plaintiff's request for a preliminary injunction. Hours before the hearing, Plaintiff filed a memorandum in support of its request for a preliminary injunction.[32] At oral argument, Defendant explained that it did not have an opportunity to review and reply to Plaintiff's memorandum. After oral argument, the Court took the matter under advisement[33] and ordered Defendant to file its response by noon on June 18, 2021.[34] Defendant timely filed its response.[35]

## II. Parties' Arguments

### A. *Plaintiffs' Request for a Preliminary Injunction*

Plaintiff seeks a preliminary injunction enjoining Defendant from removing any FF&E from the Property, suspending the expiration of the inspection/due diligence period, and enjoining Defendant from demanding specific performance.[36] Plaintiff asserts it is relieved of the obligation to show irreparable harm.[37]

---

[31] *Id.*

[32] Rec. Doc. 32.

[33] Rec. Doc. 34.

[34] Rec. Doc. 37.

[35] Rec. Doc. 39.

[36] Rec. Doc. 1-1 at 4–5.

[37] *Id.* at 3–4.

### 1.     Substantial Likelihood of Success

Plaintiff argues it has a substantial likelihood of success on the merits.[38] In support, Plaintiff contends that the contract requires Defendant to convey all of the items listed in Exhibit B to the contract.[39] Plaintiff argues that Defendant's own affidavit concedes that it has removed at least eight pieces of equipment listed in Exhibit B from the Property.[40]

### 2.     Irreparable Harm

Plaintiff argues it is relieved of the obligation to show irreparable harm under Louisiana law.[41] In support, Plaintiff argues that Louisiana law dispenses with the requirement to show irreparable harm where a preliminary injunction is sought to protect the enjoyment of a real right.[42] Plaintiff cites to the Louisiana Second Circuit Court of Appeals case *Monroe Real Estate and Development Co. v. Sunshine Equipment Co.* for the proposition that "[a]n action for specific performance of a real estate contract is a real action[, and a] real action is one brought to enforce

---

[38] Rec. Doc. 32 at 5.

[39] *Id. See also* Rec. Doc. 1-3 at 9 (Exhibit B).

[40] Rec. Doc. 32 at 5. *See also* Rec. Doc. 36-9 (Affidavit of Christine Scott).

[41] *Id.*

[42] *Id.*

real rights."[43] Plaintiff further argues that the rule relieving a Plaintiff of the requirement to show irreparable harm is the substantive law of Louisiana and that this Court must apply it under *Erie*.[44]

### 3.  Injury Outweighs the Harm

Next, Plaintiff argues that granting the preliminary injunction will cause Defendant no harm.[45] Plaintiff avers that it "has at all times remained ready, willing, and able to close on the transaction," and that it will cause Defendant no harm to perform the contract as written.[46]

### 4.  Public Interest

Lastly, Plaintiff argues that issuing a preliminary injunction will serve the public interest by protecting the consumer, promoting freedom of contract, and upholding Louisiana's requirement that "[g]ood faith shall govern the conduct of the obligor and the obligee in whatever pertains to the obligation."[47]

### 5.  Additional Arguments for Granting the Request for a Preliminary Injunction

In addition to the arguments made in its memoranda, at the evidentiary hearing Plaintiff maintained that it does not have to show irreparable harm under Louisiana law. In the alternative,

---

[43] *Id.* at 6 (citing *Monroe Real Est. & Dev. Co. v. Sunshine Equip. Co.*, 35,555, p. 6 (La. App. 2 Cir. 1/23/02); 805 So. 2d 1200, 1203 (internal citations omitted)).

[44] *Id.*

[45] *Id.*

[46] *Id.* at 6–7.

[47] *Id.* at 7 (quoting La. Civ. Code art. 1759) (alteration in original).

Plaintiff argued that, even if it must show irreparable harm, it will suffer irreparable harm because the items removed from the Property make it no longer suitable for its marketed use as a service property. Plaintiff further argued that destruction of one's business is irreparable harm.[48]

**B.      *Defendant's Arguments in Opposition***

In opposition, Defendant argues that Plaintiff has not demonstrated a likelihood of success on the merits, Plaintiff's argument that it need not show irreparable harm is incorrect, and Plaintiff's harm does not outweigh the harm to Defendant.[49] Additionally, Defendant argues that Plaintiff's request for a preliminary injunction is deficient because Plaintiff failed to request permanent injunctive relief.[50] Finally, Defendant argues that Plaintiffs request should be denied because Plaintiff failed to introduce any evidence in the record at the hearing on the preliminary injunction.[51]

**1.      Substantial Likelihood of Success**

---

[48] In support, Plaintiff cited to this Court's decision in *New Orleans Home for Incurables, Inc. v. Greenstein*, 911 F. Supp. 2d 386 (E.D. La. 2012). In that case, this Court applied the Fifth Circuit's decision in *Atwood Turnkey Drilling, Inc. v. Petroleo Brasileiro*, 875 F.2d 1174, 1179 (5th Cir. 1989), reasoning that "economic harm that would result in the destruction or termination of one's business will constitute irreparable harm." *New Orleans Home for Incurables, Inc.*, 911 F. Supp. 2d 409. Here, Plaintiff has not argued, nor produced any evidence, that it would suffer economic harm that would lead to the destruction of its business without a preliminary injunction.

[49] *Id.*

[50] *Id.*

[51] *Id.*

Defendant argues that Plaintiff has not established a likelihood of success on the merits with respect to Plaintiff's demand for the items listed on Exhibit B, Plaintiff's component parts theory of recovery, or Plaintiff's demand for return of its deposit.[52] With respect to the items in Exhibit B, Defendant asserts that it offered Plaintiff a $40,000 reduction in price, and Plaintiff failed to introduce evidence that this amount would not adequately compensate Plaintiff for the missing items.[53] Defendant argues that a court may, in its discretion, refuse to grant specific performance and instead award damages.[54] Defendant requests that the Court exercise its discretion and award Plaintiff damages not to exceed $40,000.[55]

As to Plaintiff's component parts argument, Defendant asserts that an earlier draft of the contract included the language "all of the FF&E, as well as the service department lifts and compressor."[56] Defendant rejected that language, and in the final agreement the parties replaced it with Exhibit B's list of items. Defendant argues that "only the component parts set forth in Exhibit B were included in the sale."[57] Thus, Defendant asserts Plaintiff has failed to establish it will succeed on the merits of its component parts theory of recovery.

---

[52] *Id.*

[53] Rec. Doc. 39 at 7–8.

[54] *Id.* at 8.

[55] *Id.*

[56] *Id.* at 9.

[57] *Id.*

Finally, Defendant argues that "Plaintiff has not established that it is in any way entitled to its deposit."[58] Defendant asserts that Plaintiff has two options under the contract—"(1) proceed to closing by receiving a credit towards the purchase price in an amount equal to the deposit or (2) timely terminate the contract and walk away, with its deposit in hand."[59] Thus, Defendant asserts Plaintiff has not established it will succeed on the merits of this aspect of its claim.

## 2. Irreparable Harm

Defendant argues that Plaintiff is not relieved from showing irreparable harm.[60] In support, Defendant avers that the case law relied on by Plaintiff is applying Article 3663 of the Louisiana Code of Civil Procedure.[61] Defendant argues that Article 3663 is inapplicable in this case, because Article 3663 requires that the injunctive relief requested "must be (1) to protect possession of immovable property, (2) to restore possession of immovable property, (3) to protect possession of a real right in immovable property or (4) to restore possession of a real right in immovable property."[62]

Further, Defendant asserts that the relief offered by Article 3663 is limited to:

(1) a plaintiff in a possessory action, during the pendency thereof, (2) a person who is disturbed in the possession which he and his ancestors in title have had for more

---

[58] *Id.*

[59] *Id.*

[60] *Id.* at 3.

[61] *Id.*

[62] *Id.*

than a year of immovable property of which he claims ownership, the possession, or the enjoyment or (3) person who is disturbed in the possession which he and his ancestors in title have had for more than a year of a real right in immovable property of which he claims the ownership, the possession, or the enjoyment.[63]

Thus, Defendant argues that possession is an indispensable requirement under Article 3663.[64] Defendant asserts that the instant action is not a possessory action. Moreover, Defendant argues Plaintiff could not bring a possessory action, because a possessory action requires "possession [of the immovable property] quietly and without interruption for more than a year immediately prior to the disturbance."[65] Defendant argues that the cases that Plaintiff relies on all involve plaintiffs that were in possession of the property at issue for more than one year.[66] Therefore, Defendant argues Plaintiff is not relieved of the obligation to show irreparable harm.[67]

Defendant also argues that Plaintiff cannot show irreparable harm.[68] In support, Defendant argues that Plaintiff's harm is entirely compensable in money damages.[69] Defendant asserts that

---

[63] *Id.* at 4.

[64] *Id.* at 4–5 (first citing *Babington Child. Trusts v. Cucchiara*, 285 So. 2d 792, 794 (La. 1973), then citing *Ryan v. Pekinto*, 387 So. 2d 1325, 1329 (La. App. 1 Cir. 1980)).

[65] *Id.* at 5 (quoting La. Code Civ. Proc. art. 3658(2)).

[66] *Id.* at 6.

[67] *Id.*

[68] *Id.* at 7.

[69] *Id.*

the evidence in the record demonstrates that even Plaintiff "has placed a monetary value on the items allegedly missing from the Property."[70]

### 3.    Injury Outweighs the Harm

Defendant argues Plaintiff has not established that its threatened injury outweighs the harm that Defendant would suffer if the injunction were issued.[71] Defendant asserts Plaintiff has put on no evidence with respect to the value of the eight items missing from Exhibit B.[72] Rather, Defendant asserts the evidence supports that its $40,000 offer "more than suffices to cure the absence of [the eight] items from the Property."[73] Defendant also argues that this lawsuit has prevented Defendant from selling the property or using it "as collateral for a loan or other financing."[74]

### 4.    Public Interest

Defendant makes no arguments with respect to the public interest prong.[75]

### 5.    Additional Arguments for Denying the Request for a Preliminary Injunction

---

[70] *Id.*

[71] *Id.* at 9.

[72] *Id.* at 9–10.

[73] *Id.* at 10.

[74] *Id.*

[75] *See id.*

Additionally, Defendant argues that Plaintiff's request for a preliminary injunction is deficient as a matter of law. Defendant argues that courts "should not consider issuing a preliminary injunction in the absence of a prayer for a permanent injunction contained within the plaintiff's petition."[76] Defendant notes that Plaintiff's petition does not specifically request permanent injunctive relief. Thus, Defendant argues this deficiency alone is grounds to deny the Plaintiff's request.

Another "independent reason" that Defendant offers for denying Plaintiff's request for a preliminary injunction is that the Plaintiff offered no evidence at the June 15, 2021 hearing.[77] Defendant argues that, without any evidence, Plaintiff "cannot have carried its burden of proof during its case in chief."[78] Thus, Defendant argues Plaintiff's request should be denied as a matter of law.[79]

In addition to the arguments made in its memorandum, at the preliminary injunction hearing Defendant argued Plaintiffs are not entitled to injunctive relief when the property at issue

---

[76] *Id.* at 11 (quoting *Aspara Props, LLC v. New Orleans*, 09-0709, p. 16–18 (La. App. 4 Cir. 2/11/10); 31 So. 3d 615, 626–27.

[77] *Id.*

[78] *Id.* at 12.

[79] Defendant advances an additional argument that the Court need not consider. Rec. Doc. 39 at 13–14. At the evidentiary hearing, Defendant sought to admit Defense Exhibit No. 8 into evidence. Plaintiff objected on the basis that the document was evidence of settlement negotiations. The Court took the matter under advisement. Rec. Doc. 34. Defendant argues that Federal Rule of Evidence 408 excludes evidence of settlement (1) to prove liability or (2) the amount of damages. Defendant asserts it is not introducing Exhibit 8 to prove liability or damages, but rather as proof that Plaintiff's claims can be reduced to money damages. Rec. Doc. 39 at 13–14. In reaching its decision, the Court need not consider this evidence. Therefore, the Court need not address this evidentiary issue.

is investment property.[80] Defendant also argued that Plaintiff cannot show irreparable harm merely by showing that Plaintiff is entitled to specific performance, citing *J. Weingarten, Inc. v. Northgate Mall, Inc.*[81]

### III. Legal Standard

Federal Rule of Civil Procedure Rule 65 governs injunctions and restraining orders, and Rule 65(a) sets forth the procedural rules governing the issuance of a preliminary injunction. Under Rule 65(a)(1), a court may issue a preliminary injunction only on notice to the adverse party. To prevail on a motion for a preliminary injunction, the plaintiff must establish the following essential elements: (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the injunction will result in irreparable injury; (3) the threatened injury outweighs any damage that the injunction will cause to the adverse party; and (4) the injunction will not do disservice to the public interest.[82] Because such relief is an "extraordinary and drastic remedy,"[83] to justify entry of a preliminary injunction, the plaintiff must "clearly carr[y] the burden of

---

[80] Defendant offered two citations in support. *Mount Clemens Inv. Group, LLC v. Borman's Inc.*, No. 10-12679, 2010 WL 3998095, at *5 (E.D. Mich. Oct. 12, 2010) (unpublished); *Chambless Enters., LLC v. Redfield*, No. 20-1455, 2020 WL 7588849, at *14 (W.D. La. Dec. 22, 2020) (unpublished).

[81] 404 So. 2d 896 (La. 1981). In *J. Weingarten, Inc. v. Northgate Mall, Inc.*, the Louisiana Supreme Court "reject[ed] the common law view that the obligee must first clear the inadequacy of damage-irreparable injury hurdle before invoking the remedy." *Id.* at 900. That is, unlike at common law, to obtain specific performance under Louisiana law, an oblige need not show irreparable injury. *Id.*

[82] *Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011).

[83] *Munaf v. Geren*, 553 U.S. 674, 689 (2008).

persuasion on all four elements."[84] If a plaintiff fails to carry its burden as to any one of these factors, injunctive relief cannot be granted.[85]

Whether to grant or to deny a preliminary injunction is within the discretion of the trial court,[86] but "[t]he decision to grant a preliminary injunction is to be treated as the exception rather than the rule."[87] Regardless of whether the request for injunctive relief is granted or denied, Federal Rule of Civil Procedure 52(a) requires the Court to "state the findings of fact and conclusions of law that support its action."[88]

## IV. Analysis

Plaintiff seeks a preliminary injunction enjoining Defendant from removing FF&E or component parts of the Property.[89] Plaintiff argues that a preliminary injunction preserving the status quo is necessary until a trial on the merits.[90] To prevail on its request for a preliminary

---

[84] *PCI Transp., Inc. v. Fort Worth & W. R.R. Co.*, 418 F.3d 535, 545 (5th Cir. 2005) (internal quotation marks and citations omitted).

[85] *See Enterprise Int'l Inc. v. Corp. Estatal Petrolera Ecautoriana*, 762 F.2d 464, 472 (5th Cir. 1985).

[86] *Apple Barrel Prods., Inc. v. Beard*, 730 F.2d 384, 386 (5th Cir. 1984).

[87] *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985).

[88] Fed. R. Civ. P. 52(a)(1), (2).

[89] Rec. Doc. 1-1 at 1, 5. In Plaintiff's petition, Plaintiff also requests other relief not at issue here. Plaintiff seeks recovery for breach of contract and specific performance. *Id.* at 1. Plaintiff also requested a temporary restraining order ("TRO"). *Id.* at 1. As explained more below, that TRO expired by operation of law on June 13, 2021. *See* Rec. Doc. 31.

[90] Rec. Doc. 32 at 1.

injunction, Plaintiff must establish: (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the injunction will result in irreparable injury; (3) the threatened injury outweighs any damage that the injunction will cause to Defendant; and (4) the injunction will not do disservice to the public interest.[91] Each requirement is addressed in turn.

### 1.    Substantial Likelihood of Success

Plaintiff asserts that it has established a substantial likelihood of success on the merits because specific performance is the default remedy under Louisiana contract law.[92] Defendant retorts that Plaintiff was offered a $40,000 reduction in purchase price, and that Plaintiff "offered no countervailing evidence that this amount would not adequately account for the fair market value" of the eight missing items.[93]

To state a claim for breach of contract, a plaintiff "must prove that the obligor undertook an obligation to perform. Next, they must prove that the obligor failed to perform the obligation, resulting in a breach. Finally, the failure to perform must result in damages to the obligee."[94] "Upon an obligor's failure to perform" article 1986 of the Louisiana Civil Code directs that a court "shall" grant specific performance.[95] The comments to Article 1986 make clear that where "an obligor

---

[91] *Janvey*, 647 F.3d at 595.

[92] Rec. Doc. 32 at 3. *See also id.* at n.9.

[93] Rec. Doc. 39 at 8.

[94] *Sanga v. Perdomo*, 14-609, p. 7 (La. App. 5 Cir. 12/30/14); 167 So. 3d 818, 822.

[95] La. Civ. Code art. 1986.

fails to perform an obligation to deliver a thing, the court shall grant specific performance."[96] However, when specific performance is "greatly disproportionate in cost to the actual damage caused" then an obligor may be ordered to pay damages instead.[97]

Here, Plaintiff has established a substantial likelihood of success on the merits. Under the terms of the contract, Defendant was obligated to deliver the items listed in Exhibit B to Plaintiff at the close of the sale. Defendant has admitted, both in its briefing and at the evidentiary hearing, that it removed at least eight of the items listed in Exhibit B.[98] Therefore, Plaintiff has established a likelihood of success on the merits of its breach of contract claim. Because the obligation of the contract was to deliver a thing, specific performance is the preferred remedy under Louisiana law.[99] Defendant has not established that specific performance would be impracticable or greatly disproportionate in cost. Thus, Plaintiff has established a substantial likelihood of success on the merits of its claim for specific performance.

### 2. Irreparable Harm

Plaintiff contends that, under Louisiana law, it need not show irreparable harm. In the alternative, at oral argument Plaintiff contended it has been irreparably harmed because, by

---

[96] *Id.* art. 1986 cmt. b (citing *Mente & Co., Inc. v. Roane Sugars, Inc.*, 6 So.2d 731 (La. 1942); *Oliver v. Home Serv. Ice Co.*, 161 So. 766 (La. App. 2 Cir. 1935)).

[97] *See J. Weingarten, Inc.*, 404 So. 2d at 901.

[98] *See* Rec. Doc. 39 at 7–8; Rec. Doc. 36-9 at 4–5.

[99] La. Civ. Code art. 1986.

removing the items in Exhibit B, the Property is no longer suitable for its marketed use as a service property. In opposition, Defendant argues that Plaintiff must show irreparable harm, and that Plaintiff's harm is compensable with money damages and is, therefore, not irreparable.

Federal procedural law requires Plaintiff to show irreparable injury to obtain a preliminary injunction. "[O]nce a case has been removed to federal court, it is settled that federal rather than state law governs the future course of proceedings . . . ."[100] Therefore, this Court applies the requirements of Federal Rule of Civil Procedure 65 to the Plaintiff's request for a preliminary injunction. Federal law is clear that a request for a preliminary injunction requires a showing of irreparable injury.[101] Thus, Plaintiff is not relieved of its obligation to show irreparable injury.[102]

---

[100] *Granny Goose Foods, Inc. v. Brotherhood of Teamsters Local No. 70*, 415 U.S. 423, 437 (1974).

[101] *See, e.g.*, *Janvey*, 647 F.3d at 595.

[102] Even assuming that Louisiana law applies to this issue, Plaintiff is not relieved of showing irreparable harm. Plaintiff cites *Monroe Real Estate & Dev. Co. v. Sunshine Equipment Co.*, 35,555 (La. App. 2 Cir. 1/23/01); 805 So. 2d 1200 for the proposition that injunctive relief does not require a showing of irreparable harm. That case, and the cases it cites to, stand for the proposition that injunctions issued under Louisiana Code of Civil Procedure Article 3663 do not require a showing of irreparable harm. *Id.* at p. 4; 805 So. 2d at 1202 (citing *Chotin Transportation, Inc. v. Harbor Towing & Fleeting, Inc.*, 2000–0803 (La. App. 4 Cir. 10/03/01); 804 So. 2d 78, *reversed on other grounds*, 02-0485 (La. 4/24/02); 814 So. 2d 1289; *Barrilleaux v. NPC, Inc.*, 97–2040 (La. App. 1 Cir. 12/29/97); 704 So. 2d 449, *writ denied*, 99–1002 (La. 05/28/99); 743 So. 2d 672; *Hailey v. Panno*, 472 So. 2d 97 (La. App. 5 Cir. 1985)).

Article 3663 requires one year of possession on the part of the plaintiff. La. Civ. Code art. 3663. *See also id.* arts. 3655, 3658 (requiring one-year possession to institute a possessory action). Here, Plaintiff has not taken possession because the sale has not been completed. Because Plaintiff cannot sustain an action under Article 3663, Plaintiff's injunctive relief request falls under Article 3601. Article 3601 requires a showing of irreparable harm. La. Civ. Code art. 3601(a).

Irreparable injury is that which "cannot be undone through monetary damages."[103] Plaintiff's claimed irreparable harm is that it will not be able to assert the rights that it is entitled to under the contract. Defendant contends that these rights and privileges are all compensable by damages because the harm suffered is the removal of FF&E. Plaintiff has not articulated any specific irreparable harm it will suffer in the absence of a preliminary injunction. Because Plaintiff can point to no specific right that will be harmed, Plaintiff's threatened harm is limited to the items missing from the Property. Plaintiff presents no evidence that these missing items could not be replaced after an award of adequate money damages. Alternatively, Plaintiff could withdraw from the deal and forfeit its deposit. This loss would also be compensable in money damages and is, therefore, not irreparable. Accordingly, Plaintiff has not shown irreparable harm.

### 3. Threatened Injury Outweighs the Harm

Next, Plaintiff asserts that Defendant will suffer no harm if a preliminary injunction is issued.[104] In opposition, Defendant argues that Plaintiff's threatened injury does not outweigh the harm that Defendant faces because Plaintiff put on no evidence as to the value of the missing items

---

[103] *Dennis Melancon, Inc. v. City of New Orleans*, 703 F.3d 262, 279 (5th Cir. 2012); *Allied Marketing Group, Inc. v. CDL Marketing, Inc.*, 878 F.2d 806, 810 n.1 (5th Cir. 1989); *Deerfield Med. Ctr. v. City of Deerfield Beach*, 661 F.2d 328, 338 (5th Cir. 1981).

[104] Rec. Doc. 32 at 6–7.

and because this litigation is preventing Defendant from selling the Property or using it as collateral for a loan.[105]

Here, Plaintiff has not carried its burden that its threatened injury outweighs the harm to Defendant. Plaintiff's harm is limited to the value of the FF&E that are missing from the Property. Thus, Plaintiff's harm is monetary. Defendants harm is also monetary—it asserts it cannot sell the Property or use the Property as collateral on a loan. Plaintiff has offered no evidence as to the value of the missing items. Without evidence as to value, Plaintiff has not carried its burden to show that its threatened injury outweighs harm the Defendant would suffer if the preliminary injunction were issued. Accordingly, Plaintiff has not shown that the threatened injury outweighs the harm to Defendant.

### 4.      Public Interest

Finally, Plaintiffs contend that granting a preliminary injunction here will serve the public interest, as it will protect consumers and promote freedom of contract.[106] Defendant offers no argument in opposition.[107] To justify entry of a preliminary injunction, the petitioner must "clearly carr[y] the burden of persuasion on all four elements."[108] Because Plaintiff has not established

---

[105] Rec. Doc. 39 at 9–10.

[106] Rec. Doc. 32 at 7.

[107] *See generally* Rec. Doc. 39.

[108] *PCI Transp., Inc.*, 418 F.3d at 545.

irreparable harm or that the threatened injury outweighs any damage that the injunction will cause to Defendant, the Court need not reach this issue.

## V. Conclusion

For the reasons stated above, the Court concludes that Plaintiff has not carried its burden on all four factors identified by the Fifth Circuit to prevail on a motion for a preliminary injunction. Plaintiff has shown that it has a substantial likelihood of success on the merits of its claim for specific performance. However, Plaintiff has not shown that there is a substantial threat that failure to grant the injunction will result in irreparable injury to Plaintiff, or that the threatened injury outweighs any damage that the injunction will cause to Defendant. Therefore, the Court denies Plaintiff's request for a preliminary injunction. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' request for a preliminary injunction[109] is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this 13th day of July, 2021.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[109] Rec. Doc. 1-1.